IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STATE OF GEORGIA, Superior Court; | ) | |
| RICHMOND COUNTY SHERIFF | ) | |
| DEPARTMENT; PRETRIAL SERVICES | ) | |
| AGENCY; SHIRLYN BUSH; ALPHONSO | ) | |
| PHIPPS; 24/7 EXPRESS ANKLE | ) | |
| MONITORING; ALPHONSO PHIPPS, d/b/a | ) | |
| Phipps & Assoc. LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV 119-070 |
| | ) | |
| TAVORES D. BROWN; KATHY REAVES; | ) | |
| and S.R., minor, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

On May 14, 2019, Defendants, who are proceeding *pro se*, filed the instant "Notice of

Removal," in which they purport to remove six criminal charges as to Defendant Tavores D.

Brown and counterclaims under 42 U.S.C. § 1983 as to all Defendants from Dekalb County

Superior Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1455.  (Doc. no. 1.)  Defendants also

filed a motion to proceed *in forma pauperis* ("IFP"), a motion for temporary restraining order,

and a document titled 28 U.S.C. § 2241 Petition For Writ of Habeas Corpus.  (Doc. nos. 2, 5, 6.)

On May 28, 2019, Plaintiff Richmond County Sheriff Department filed a motion to dismiss and

amended motion to dismiss the document titled as a habeas petition.  (Doc. nos. 7, 8.)  For the

reasons set forth below, the Court **REPORTS** and **RECOMMENDS** all pending motions be

**DENIED AS MOOT**, and this case be **DISMISSED** and **CLOSED**.  Although "removal" was never accomplished in a procedurally proper manner, in an abundance of caution, the Court also **REPORTS** and **RECOMMENDS** the six criminal charges be **REMANDED** to the Superior Court of Dekalb County.

The threshold issue raised by Defendants' notice as it relates to Defendants' counterclaims and Defendant Brown's criminal charges is whether the Court has jurisdiction. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (*per curiam*) (citations omitted).  The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . .  The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence . . . .  Thus, the party invoking the federal court's jurisdiction bears the burden of proof . . . .
>
> If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . .  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation . . . .

Id. (citations omitted).  Defendants have not alleged any legitimate basis for the exercise of federal jurisdiction.  (See doc. no. 1.)

Defendants' action is primarily based on Defendant Brown's criminal charges in Dekalb County, which consists of five felony and two misdemeanors charges.  See Dekalb

2

County        Clerk        of        Court        Web        Docket,        available        at

https://ody.dekalbcountyga.gov/portal/Home/Dashboard/29        (follow        "Smart        Search"

hyperlink; then search for "Brown, Tavores," select case number D0270183 last visited May

21, 2019); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court

may take judicial notice of another court's records to establish existence of ongoing litigation

and related filings).  However, it is long-settled federal courts have no jurisdiction over criminal

matters, except for what is provided by statute.  See United States v. Hudson, 11 U.S. 32, 33-

34 (1812) (noting "jurisdiction of crimes against the state is not among [the] powers" implied

to federal courts).

Defendants argue 28 U.S.C. § 1455 allows for removal of this case.  However, § 1455

only governs the procedure for removal of state criminal prosecutions and not the proper

grounds for removal of state criminal prosecutions.  Further, Defendants failed to follow the

proper procedure.  Statute 1455 requires Defendants seeking to remove state criminal

prosecutions to file the notice of removal in the district court "within which such prosecution

is pending."  28 U.S.C. § 1455 (a).  Defendants' state prosecution arose in Dekalb County,

Georgia, and therefore, Defendants should have removed this case to the Northern District of

Georgia.  (See doc. no. 1, pp. 1-2, 9.)  Therefore, Defendants' removal of this case is

procedurally improper.

Additionally, Defendant Brown's state criminal charges are not of the sort that can be

removed to federal court.  28 U.S.C. § 1443 allows state criminal defendants to remove a

criminal action from state court to federal court in certain limited circumstances.  See 28

3

U.S.C. § 1443.  § 1443(2) only applies to state or federal officers.  See Taylor v. Phillips, 442 F, App'x 441, 443 (11th Cir. 2011).  § 1443(1) requires satisfaction of a two-prong test wherein the Court determines (1) whether the defendant has shown the right relied upon for removal "arises under a federal law providing for specific civil rights stated in terms of racial equality"; and (2) whether the defendant has shown he was "denied and cannot enforce that right in state court."  Id. at 442 (quoting Alabama v. Conley, 245 F.3d 1292, 1295-96 (11th Cir. 2001)).  "This 'does not include rights of general application available to all persons or citizens.'"  Id. (quoting Conley, 245 F.3d at 1295.)

Nothing in Defendants' notice of removal indicates any Defendant is a state or federal officer, and therefore, removal is improper under § 1443(2).  Also, removal is improper as to §1443(1) because Defendants cannot satisfy the first prong of the test.   Nothing in Defendants' notice of removal shows Defendants have "relied upon a right that arose under a federal law providing for specific civil rights stated in terms of racial equality."  Taylor, 442 F. App'x at 443.  At most, Defendants argue a search and arrest pursuant to Defendant Brown's underlying criminal charges violated his due process rights.  Additionally, Defendants generally assert a claim under 42 U.S.C. § 1983 for harassment, invasion of privacy, and general deprivation of civil rights.  This is not enough to show a basis for removal because they are "rights of general application available to all persons or citizens." Id. (quoting Conley, 245 F.3d at 1295.)  Further, a review of Defendants' filings and the underlying criminal case docket shows Defendants Reaves and S.R. were never co-defendants to Defendant Brown's criminal charges and, therefore, there is no case against

them which is capable of being removed from state court.  (<u>See generally</u> doc. nos. 1-2, 5-6.)
Thus, because no federal statute supports removal of this case, Defendants' removal is
improper.

Defendant Brown also filed a document titled 28 U.S.C. § 2241 Petition For Writ of
Habeas Corpus.  (Doc. no. 6.)  However, in this document, Defendant Brown only reargues his
grounds for removal of this case.  Thus, because this case was improperly removed to this Court,
Defendant Brown's petition is not properly before the Court and is a nullity.[1]

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** all
pending motions be **DENIED AS MOOT**, and this case be **DISMISSED** and **CLOSED**.
Although "removal" was never accomplished in a procedurally proper manner, in an
abundance of caution, the Court also **REPORTS** and **RECOMMENDS** the six criminal
charges be **REMANDED** to the Superior Court of Dekalb County.

SO REPORTED and RECOMMENDED this 29th day of May, 2019, at Augusta,
Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]Even if Defendant Brown had properly filed a habeas petition, the Court recognizes his
petition is also improper because Defendant Brown did not properly sign and file the petition,
and he did not state in his petition how or if state court procedures were exhausted or unavailable
to him as a pre-trial detainee.  See <u>Hughes v. Attorney Gen. of Fla.</u>, 377 F.3d 1258, 1262 n. 4
(11th Cir.2004) (noting applicability of exhaustion requirement to § 2241 petition challenging
pre-trial detention); <u>Hughes v. Coursey</u>, CV 110-077, 2010 WL 3338696, *2 (S.D. Ga. July 10,
2010) *report and recommendation adopted by* 2010 WL 3338694 (S.D. Ga. Aug. 20, 2010)
(same).